IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEASE V. HOLDEN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 13-6453 |
| | : | |
| CAROLYN W. COLVIN | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this 28th day of December, 2016, upon consideration of Plaintiff's request for review, Defendant's response, and after careful review of the Report and Recommendation of United States Magistrate Henry S. Perkin and the objections thereto, I find as follows:

1. Plaintiff brings this action under 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits and supplemental security income provided under Titles II and XVI of the Social Security Act. The Administrative Law Judge ("ALJ") determined that Plaintiff retained sufficient residual functional capacity to perform past work and, thus, was not disabled.

2. My review of the Commissioner's decision to deny disability benefits is deferential. The Commissioner's decision must be affirmed if it is "supported by substantial evidence in the record." Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); see also 42 U.S.C. § 405(g). "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer, 186

F.3d at 427 (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). The ALJ's "decision should be accompanied by a clear and satisfactory explication of the basis on which it rests." Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).

3. In her request for review, Plaintiff argues that: (1) when assessing her residual functional capacity, the ALJ applied improperly discounted opinions of her consultative examiner, David Chomsky, M.D., and her treating chiropractor Donald Griffin, D.C.; (2) the ALJ applied an improper legal standard when assessing her residual functional capacity; (3) the ALJ failed to consider evidence of impairment including a November 16, 2011 letter from her primary care physician, Dr. Joseph Gold, D.O.; and (4) the ALJ erred by considering Plaintiff's failure to comply with treatment as a reason for finding Plaintiff not disabled.

4. In his Report and Recommendation, Magistrate Judge Perkin rejected these arguments and determined that the decision of the Commissioner of Social Security should be affirmed. In her objections to the Report and Recommendation, Plaintiff urges that Magistrate Judge Perkin incorrectly resolved these issues. After an independent review of the record and Plaintiff's arguments, I agree with Magistrate Judge Perkin that these arguments lack merit.

5. Regarding the first argument, Magistrate Judge Perkin concluded that the ALJ properly afforded great weight to Dr. Chomsky's clinical findings but no weight to his opinion regarding Plaintiff's work related limitations because that opinion was (1) premised on Plaintiff's subjective complaints, and (2) also inconsistent with the other medical evidence in the record, including his own clinical findings. Magistrate Judge Perkin also concluded that the ALJ's decision not to afford any significant weight to Dr. Griffin's

opinions was appropriate as his opinions were unsupported by clinical findings and also inconsistent with other substantial evidence in the record. Based on my review of the record, I agree with Magistrate Judge Perkin's recommendation. The ALJ adequately explained the basis of her reasoning and afforded appropriate weight to Dr. Chomsky's and Dr. Griffin's findings and opinions.

6. Regarding the second argument, Plaintiff contends that the ALJ applied an incorrect legal standard when assessing her residual functional capacity. In particular, Plaintiff objects to the ALJ's statement that "the record contains no information from any treating or examining acceptable medical source indicating that the claimant is so disabled as to be unable to perform <u>all work related activities</u>." (Pl.'s Objs. p. 1.)[1]

7. I agree with Plaintiff that the ALJ's statement was incorrect. At step four, a plaintiff must demonstrate that she lacks sufficient residual functional capacity to perform her past relevant work not that she is unable to perform <u>all</u> work related activities. <u>See</u> 20 C.F.R. § 416.920.

---

[1] When addressing Plaintiff's argument that the ALJ applied the incorrect legal standard for assessing residual functional capacity, the Report and Recommendation states "Plaintiff must establish that her impairments result in functional limitations so severe they preclude her from engaging in any substantial gainful activity. <u>See</u> <u>Dupkunis</u>, 323 F.2 at 380; <u>Gardner</u> 383 F. Supp. 1." (R&R p. 8.) This is an inaccurate statement of a plaintiff's burden at step four of the disability analysis. <u>See</u> <u>Vega v. Comm'r of Soc. Sec.</u>, 358 F. Appx. 372, 376 (3d Cir. 2009) (discussing a similar misstatement of the applicable standard); <u>Dupkunis v. Celebrezze</u>, 323 F.2d 380, 382 (3d Cir. 1963) ("It is well settled that in order for a claimant to sustain the general burden of proof of his disability required by the Act he need not establish a complete absence of any opportunity for substantial gainful employment.") Rather, at step four, a plaintiff must demonstrate that she lacks sufficient residual functional capacity to perform her past relevant work. <u>See</u> 20 C.F.R. § 416.920.

That said, the statement in the Report and Recommendation tracks the general statutory definition of disability in the Social Security Act. <u>See</u> 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) ("[t]he Act defines disability as an inability to engage in any substantial gainful activity that exists in the national economy because of a medically determinable impairment that is expected to result in death or last for a period of at least twelve months.")

8. However, notwithstanding the erroneous statement of law, the ALJ properly considered and weighed the evidence pertaining to Plaintiff's disability allegations and correctly applied the five-step analysis. I make this conclusion for the same reasons stated in Magistrate Judge Perkin's Report and Recommendation. As such, I conclude that Plaintiff's argument is unavailing. See Vega v. Comm'r of Soc. Sec., 358 F. Appx. 372, 376 (3d Cir. 2009) (rejecting a request for remand based on a similar misstatement of the applicable standard where the ALJ nonetheless followed the proper five-step procedure in his disability analysis).[2]

9. Regarding Plaintiff's third argument that the ALJ failed to consider certain pieces of evidence, Magistrate Judge Perkin concluded that the ALJ considered all relevant evidence in the record and sufficiently articulated her reasons for concluding that Plaintiff was able to perform past work. Magistrate Judge Perkin also concluded that the ALJ's failure to explicitly mention discrete pieces of evidence did not compel a contrary conclusion.

10. I agree with Magistrate Judge Perkin's analysis. There is no requirement that an ALJ make reference to or discuss every piece of evidence in the record. See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001). Rather, the ALJ must ensure that there is a "sufficient development of the record and [offer an] explanation of [the] findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). Based on my review of the record and the ALJ's report, I conclude that the ALJ provided an

---

[2] Plaintiff contends that the harmless error doctrine does not apply in the social security context. However, numerous – albeit unpublished – cases from the United States Court of Appeals for the Third Circuit have applied the harmless error doctrine in the social security context. See, e.g., Vega, 358 F. Appx. at 376, Seaman v. Soc. Sec. Admin., 321 F. Appx. 134, 135 (3d Cir. 2009); Humphreys v. Barnhart, 127 F. Appx. 73, 76 (3d Cir. 2005); Jackson v. Barnhart, 120 F. Appx. 904, 906 (3d Cir. 2005).

accurate and adequate picture of the evidence and a sufficient explanation for her conclusion that Plaintiff is not disabled.

11. Lastly, Plaintiff argues that the ALJ improperly relied on her non-compliance with treatment when finding her not disabled and objects to the ALJ's statement that "[i]f claimants do not follow the prescribed treatment without a good reason, we will find them not disabled (20 CFR 404.1530 and 416.930)." (ALJ Report p. 16.) In reviewing Plaintiff's argument, Magistrate Judge Perkin concluded that the ALJ premised her finding that Plaintiff is not disabled on her residual functional capacity and only considered her non-compliance as evidence of Plaintiff's credibility.[3]

12. As an initial matter, the ALJ's statement that non-compliance will result in a finding that a plaintiff is not disabled is not an entirely accurate statement of the applicable law. The regulations cited by the ALJ, 20 C.F.R. 404.1530 and 416.930, make clear that a denial of benefits may be based on refusal to comply with treatment. However, these regulations only apply where there has first been a finding of disability. See Titles II & XVI: Failure to Follow Prescribed Treatment, SSR 82-59 (S.S.A. 1982); Vega, 358 F. Appx. at 375 ("a denial of benefits for failure to follow a prescribed treatment plan may only be issued after the ALJ finds a disabling impairment that precludes engaging in any substantial activity, SSR 82–59, a finding that the ALJ did not make here"). As such, Plaintiff is correct insofar as the regulations cited by the ALJ do not apply because she was found not to be disabled. See Lozado v. Barnhart, 331 F. Supp. 2d 325, 340 (E.D. Pa. 2004) ("SSR 82–89 only applies where the ALJ has determined that an individual's impairments

---

[3] The parties agree that non-compliance may be considered when assessing a plaintiff's credibility.

preclude her from engaging in substantial gainful activity, i.e. an individual who would otherwise be found to be disabled under the Act").

13. Additionally, Magistrate Judge Perkin's conclusion that the ALJ only considered Plaintiff's non-compliance when assessing her credibility is somewhat at odds with the ALJ's report. As noted above, the ALJ explicitly stated that non-compliance without a good reason will result in a finding that a claimant is not disabled. The ALJ also cited regulations which pertain to the denial of benefits based on non-compliance. Different regulations govern the consideration of non-compliance as evidence of credibility – the ALJ did not cite to these regulations. <u>See, e.g.</u>, 20 C.F.R. § 416.929; Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7P (S.S.A. July 2, 1996).

14. That said, even if the ALJ's statement of law and the analysis she undertook of Plaintiff's non-compliance was erroneous, the error was harmless. When the report is reviewed in its entirety, it is clear that the ALJ premised her conclusion that Plaintiff retained the residual functional capacity to perform past work on the medical evidence in the record not Plaintiff's non-compliance. As noted above, the ALJ's conclusion regarding Plaintiff's residual functional capacity is supported by substantial evidence.

**WHEREFORE**, it is hereby **ORDERED** that:

1. The relief requested in Plaintiff's Statement of Issues in Support of Request for Review (Doc. No. 11) is **DENIED**;
2. The Report and Recommendation is **APPROVED** and **ADOPTED** in part;
3. Plaintiff's objections are **OVERRULED**;

4. Judgment is entered in favor of Defendant Carolyn Colvin, Commissioner of Social Security; and

5. The Clerk of Court is directed to mark this case closed.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**
_____
**MITCHELL S. GOLDBERG, J.**